UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY MAE R.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. 4:24-CV-00026-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her applications for social security benefits. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand the decision of the Commissioner for further proceedings.

## BACKGROUND

On March 12, 2018, Plaintiff filed applications for disability insurance benefits and for supplemental security income under Title II and Title XVI of the Social Security

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

Act. Both applications allege disability beginning on January 1, 2017. The applications were denied initially and on reconsideration. On March 4, 2019, Plaintiff filed subsequent applications, which were also denied by the Agency.

A hearing was conducted on June 20, 2023, before Administrative Law Judge (ALJ) Michael A. Kilroy. After considering testimony from Plaintiff and a vocational expert, the ALJ issued a decision on July 3, 2023, finding Plaintiff has not been under a disability since the alleged onset date through the date of the written decision. (AR 12-26). The Appeals Council denied Plaintiff's request for review on November 20, 2023, making the ALJ's decision final. Plaintiff timely filed this action seeking judicial review of the ALJ's final decision. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the ALJ's written decision, Plaintiff was forty-seven years of age. Plaintiff is a high school graduate with an associate degree in art. (AR 44). Plaintiff has previous work experience as a parcel post carrier, school bus driver, cashier II, and manager retail. (AR 24-25). Plaintiff claims she is unable to work due to certain physical and mental impairments.

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the

**MEMORANDUM DECISION AND ORDER - 2**

Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2017, the alleged onset date. (AR 14). At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: psoriatic arthritis and degenerative disc disease status post cervical and lumbar surgeries. (AR 14). The ALJ found also at step two, that Plaintiff's intermittent obesity and history of depression were nonsevere. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meet or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. (AR 17-18).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), with the following additional limitations:

> She can be on[] her feet (walking and/or standing) for 2 hours in an 8 hour day and sit for 6 hours. She can lift 10 pounds occasionally and less than 10 pounds frequently. She cannot climb ladders, ropes, or scaffolding, but she can perform all remaining postural activities occasionally. She should avoid concentrated exposure to extreme cold, vibrations, and uneven, rough surfaces. She cannot use her hands (bilaterally) constantly, but she can use them frequently.

(AR 18). Relying upon testimony from the vocational expert, the ALJ concluded at step four that Plaintiff would be unable to perform her past relevant work. (AR 24-25). At step five, the ALJ found jobs exist in significant numbers in the national economy that

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiff can perform given her age, education, work experience, and RFC. Thus, the ALJ determined Plaintiff is not disabled.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y Health & Human Servs.*, 44 F.3d 1453, 1457

**MEMORANDUM DECISION AND ORDER - 4**

(9th Cir. 1995). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

On review, Plaintiff argues the RFC determination is not supported by substantial evidence because the ALJ crafted the RFC based on his own lay interpretation of the medical records, without any medical opinion, and failed to properly develop the record. (Dkt. 12, 17). Plaintiff further assigns error to the ALJ's consideration, or lack thereof, of the medical opinion evidence. (Dkt. 12, 17). Defendant maintains the ALJ appropriately evaluated Plaintiff's mental and physical limitations when assigning the RFC and that the ALJ's decision is supported by substantial evidence. (Dkt. 16).

**1.      Mental Impairments**

As to her alleged mental impairments, Plaintiff contends the ALJ erred by failing to address the opinions of Martin Seidenfeld, Ph.D., and Dave Sanford, Ph.D., both of which opined that she had mild limitations in all four of the Paragraph B mental functional areas. (Dkt. 12 at 13). In particular, Plaintiff argues the ALJ erred by not explicitly discussing the supportability and consistency factors in relation to Seidenfeld's opinion of mild limitations. (Dkt. 12 at 17). And, that the ALJ erred by not addressing

Sanford's opinion at all. (Dkt. 17 at 1).[2] Defendant maintains the ALJ did not harmfully err in evaluating the opinion evidence, and that the ALJ's assessment of Plaintiff's mental limitations was supported by substantial evidence. (Dkt. 16 at 5).[3] For the reasons that follow, the Court finds the ALJ erred in failing to address the opinions of Seidenfeld and Sanford.

Under the revised regulations, an ALJ must articulate how persuasive they find "all of the medical opinions [and all of the prior administrative medical findings] from each doctor or other source" in a claimant's case record. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (marks omitted); 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors to be considered in evaluating the persuasiveness of a medical source's opinion include supportability, consistency, the source's relationship with the claimant, and any source specialization. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Although an ALJ need not articulate their consideration of all factors used to assess persuasiveness, they must at a minimum "explain how [they] considered the supportability and consistency factors for a

---

[2] Plaintiff's opening brief does not expressly contest the ALJ's failure to discuss Stanford's opinion. (Dkt. 12 at 13-17). Nevertheless, Defendant addressed the argument in its response, and Plaintiff has replied. (Dkt. 16 at 5, n. 1; Dkt. 17). The Court will therefore discuss Plaintiff's argument that the ALJ erred by failing to discuss the opinions of both Seidenfeld and Stanford.

[3] Defendant also argues the ALJ was not required to consider Sanford's opinion, as it is dated outside of the alleged disability period. (Dkt. 16 at 5, n. 1). The record itself, however, refutes this argument. Defendant relies on the date next to Sanford's signature – June 8, 2012. (AR 405). However, the signature date is in conflict with the date of the assessment – July 7, 2018 to present – as well as the dates of the records discussed by Sanford – from 2018 to 2021. (AR 405). The Court finds it is clearly evident from the record itself that Sanford's opinion relates to the relevant disability period and, therefore, the ALJ was required to consider it.

**MEMORANDUM DECISION AND ORDER - 6**

medical source's medical opinions." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(c)(2).

Here, the ALJ's discussion of the medical opinions relevant to Plaintiff's mental limitations generally refers to "[t]he prior administrative mental findings." (AR 24). The ALJ does not identify any opining medical professional by name or citation to the record. Nevertheless, it is evident from the written decision that the ALJ's decision discussed only the opinion of Mack Stephenson, Ph.D, who concluded that Plaintiff had no limitations in the four Paragraph B mental functioning areas. (AR 24, 115). The ALJ's decision is absent any reference or mention of the opinions by Seidenfeld or Sanford that found Plaintiff had mild mental limitations in all four Paragraph B areas. (AR 76, 88, 405-419). Thus, the ALJ did not address the opinions of Seidenfeld and Sanford at all, let alone evaluate the supportability and consistency factors. This was legal error. *Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he [or she] errs").

The ALJ's error in ignoring the opinion evidence was harmful because the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)). The Seidenfeld and Sanford opinions contradict Stephenson's opinion, which the ALJ found persuasive. Yet, the ALJ provided no evaluation or explanation of the reasons for adopting Stephenson's opinion over that of the other State agency medical

**MEMORANDUM DECISION AND ORDER - 7**

opinions. While Seidenfeld and Sanford's opinions assign only mild, and therefore nonsevere, mental limitations, had their opinions been found persuasive, the ALJ would have been required to consider them in determining the RFC. 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,'…when we assess your residual functional capacity."); 20 C.F.R. §§ 404.1545(e), 416.945(e) ("When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."). In doing so, the ALJ may have included mental limitations in the RFC which could have affected the disability determination, which are issues the ALJ must address in the first instance. The ALJ's failure to discuss the opinions of Seidenfeld and Sanford was therefore harmful. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015) (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[H]armless error ... exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination."). For these reasons, the Court finds remand is required.

**2.      Physical Impairments**

As to her physical impairments, Plaintiff contends the ALJ erred by formulating

**MEMORANDUM DECISION AND ORDER - 8**

an RFC based on his own independent review of the raw medical data, after rejecting the medical opinions of her physical limitations. (Dkt. 12, 17).[4] Defendant asserts that the ALJ properly evaluated the state agency medical consultant physical opinions, finding them unpersuasive, and the duty to further develop the record was not triggered. (Dkt. 16).

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. §§ 404.1545(a)(1)-(3), 416.945(a)(1)-(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005); *Laborin v. Berryhill*, 876 F.3d 1151, 1153 (9th Cir. 2017) ("The ALJ assesses a claimant's RFC 'based on all the relevant evidence in [the] case record.'"). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Rounds*, 807 F.3d at 1006 ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that that it is the responsibility of the ALJ, not the claimant's physician, to determine the residual functional capacity."). Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g., Petrini v.*

---

[4] Plaintiff has not clearly challenged the ALJ's evaluation of the state agency medical consultants' physical opinions and, therefore, has waived the same. *McKay v. Ingleson*, 558 F.3d 888, 891 n. 5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (same); *Carmickle*, 533 F.3d at 1161 n. 2. The Court therefore will not discuss the ALJ's evaluation of the physical medical opinions.

**MEMORANDUM DECISION AND ORDER - 9**

*Berryhill*, 705 Fed. Appx. 511, 512 (9th Cir. 2017).

The Ninth Circuit has made clear that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The ALJ is the "final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041. Even if the evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Nevertheless, an ALJ is not permitted to render their own medical opinions or independently assess clinical findings. *Tackett*, 180 F.3d at 1102–03 ("It is well-settled than an ALJ may not render her own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that an ALJ may not act as their own medical expert); *Padilla v. Astrue*, 541 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (concluding that the ALJ was not qualified to extrapolate functional limitations from raw medical data); *Banks v. Barnhardt*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("'[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.'")). When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record irrespective of whether the claimant is

represented by counsel. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).

Here, the ALJ rejected the opinions of Plaintiff's physical limitations from Thomas Coolidge, M.D., a state agency medical consultant, and the prior administrative findings, all of which concluded that Plaintiff has the capacity to perform light level exertional work activity. (AR 23, 77-83, 89-95, 1153-1161). No other opinions relevant to Plaintiff's physical functional capacity are discussed in the ALJ's decision or identified by the parties. Thus, the record was absent any medical opinion concerning Plaintiff's physical functioning. The ALJ was therefore required to obtain an additional or consultative medical opinion in order to allow for a proper evaluation of Plaintiff's physical capabilities. The ALJ did not do so here.

Rather the ALJ relied on his own interpretation of the medical records in formulating the RFC and concluded that Plaintiff's physical limitations were greater than opined by the medical professionals and assigned an RFC for sedentary level work. In doing so, the ALJ improperly acted as his own medical expert by assigning RFC limitations without any medical opinion of Plaintiff's physical functioning. This was error. *See e.g., Lorali N. T. v. Kijakazi*, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (citing cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record.). Because the ALJ failed to develop the record after rejecting the medical physical opinions, there is no testimony from a medical expert to

**MEMORANDUM DECISION AND ORDER - 11**

support the ALJ's RFC assessment. The Court is therefore unable conclude that the RFC was supported by substantial evidence. *See e.g., Diane K. v. Kijakazi*, 2022 WL 3213076, at *4-5 (D. Idaho Aug. 9, 2022).

This Court finds this was harmful error necessitating remand. *Rounds*, 807 F.3d at 1007 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination."). While the ALJ assigned greater physical limitations than opined, the RFC is still without supporting evidence. Had the ALJ included different physical limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.

3. **Conclusion**

The Court concludes that the ALJ erred in failing to address the mental medical opinions of Seidenfeld and Sanford and in evaluating Plaintiff's physical limitations. As a result, the RFC determination is not supported by substantial evidence. Because the errors found herein were harmful, the Court will reverse the decision of the Commissioner.[5]

Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The decision whether to remand for further proceedings is within this Court's discretion. *Harman v.*

---

[5] Having found remand is warranted on these issues, the Court will not address Plaintiff's other arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

**MEMORANDUM DECISION AND ORDER - 12**

*Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). In cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Upon a careful review, the Court finds remand for further proceedings is appropriate here because further administrative review could remedy the ALJ's errors. Moreover, it is unclear whether Plaintiff is disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is appropriate "when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Bunnell*, 336 F.3d at 1115-16.[6]

For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand. The parties may freely take up any issues relevant to

---

[6] This is not to say that the disability determination will or should be different in this case, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

**MEMORANDUM DECISION AND ORDER - 13**

resolving Plaintiff's claim of disability, before the ALJ.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Complaint for Judicial Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: September 26, 2024

Honorable Debora K. Grasham
United States Magistrate Judge